OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Based on various drug-related transactions on February 5, 1995, Family Court found appellant, then 15, to have committed acts that, if done by an adult, would have constituted felonies under the Penal Law. Relying on findings that appellant on April 27 and July 20, 1994 had previously committed acts that would have constituted felonies, Family Court further found that appellant had committed a "designated felony act”
 
 *
 
 and sentenced him accordingly. Appellant urges that, because both 1994 felony findings were consolidated in a single Family Court order and he was sentenced for both offenses on the same day — August 18, 1994 — the requirements of Family Court Act § 301.2 (8) (vi) were not satisfied. Like Family Court and the Appellate Division we reject appellant’s argument.
 

 Appellant’s argument rests largely on
 
 People v Morse
 
 (62 NY2d 205), where this Court read into Penal Law § 70.08 a requirement of "sequentiality” for enhanced punishment of persistent violent felony offenders, meaning that a defendant must be separately sentenced on each earlier conviction before commission of the latest offense. The Court drew that conclusion from reading the relevant Penal Law sentencing provisions in pari materia. Appellant asks us also to read a sequentiality requirement into Family Court Act § 301.2 (8) (vi).
 

 
 *1045
 
 Although the Family Court Act permits us to look to criminal law decisions
 
 (see,
 
 Family Ct Act § 303.1 [2]), appellant’s analogy is flawed. Unlike Penal Law § 70.08, Family Court Act § 301.2 (8) (vi) explicitly requires only two
 
 findings
 
 of prior felonies, a requirement that was fully satisfied here. Family Court Act § 301.2 (8) (vi) is not part of the single "system of related general provisions indicative of a settled policy” we encountered in
 
 Morse (see,
 
 62 NY2d at 224). Illustrative of the difference is the fact that under the Family Court Act, Family Court is afforded considerable discretion to determine whether a restrictive placement is necessary for a designated felony offender (Family Ct Act § 353.5). There is no similar discretion under the Penal Law recidivist statutes, which serve to punish offenders who have shown that they cannot or will not be rehabilitated.
 

 Finally, because juveniles are only subject to the Family Court Act until age 16, it would undermine the obvious remedial and rehabilitative purposes of the Family Court Act to require full disposition of the prior findings before they could count toward a designated felony act. As evidenced by the present case, the time it would take for a juvenile to have such findings reach disposition could limit the effectiveness of any recidivist measures.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ceparick and Wesley concur.
 

 Order affirmed, without costs, in a memorandum.
 

 *
 

 A "designated felony act” is an act which, if done by an adult, would be a crime "other than a misdemeanor committed by a person at least seven but less than sixteen years of age, but
 
 only where there has been two prior findings by the court that such person has committed a prior felony”
 
 (Family Ct Act § 301.2 [8] [vi] [emphasis added]). Juveniles found to have committed a designated felony act are subject to the possibility of a restrictive placement (Family Ct Act § 353.5).