OPINION OF THE COURT
Stewart H. Weinstein, J.
*114 The respondent, Nicholas G., is before the court accused of selling crack to an undercover police officer. He is charged as a designated felon pursuant to the “predicate felony” provision in Family Court Act § 301.2 (8) (vi). That statute, in relevant part, defines a designated felony as: “other than a misdemeanor committed by a person at least seven but less than sixteen years of age, but only where there has been two prior findings by the court that such person has committed a prior felony.”
The “two prior findings” relied upon by the presentment agency stem from a single prior petition that contained 14 counts. After trial, respondent was found to have committed two felony counts of attempted assault. The current petition contains the prior court’s fact-finding order but none of the underlying details of the attempted assault counts.
The Law Guardian has moved to dismiss the designated felony designation, arguing that Family Court Act § 301.2 (8) (vi) does not apply when the two prior felony findings were made on a single petition that related to one incident. The presentment agency attorney responds that the statutory requirement of “two prior findings” is unambiguous, and without a requirement that the findings be contained in separate petitions. She further argues that to accept the Law Guardian’s position would provide an “amnesty of sorts for respondents savvy and dangerous enough to commit felony acts in rapid succession”.
Counsel each urge the court to read Matter of Manuel R. (227 AD2d 355, affd 89 NY2d 1043) in support of their positions. In that matter, affirming an order of this court, the Appellate Division, First Department, held that two felony findings from different petitions which were consolidated into a single dispositional order could serve as a predicate for designated felony jurisdiction.
The Court of Appeals, in its affirmance, noted that the Family Court predicate felon statute, unlike its Penal Law counterpart (Penal Law § 70.08), does not require a dispositional order before a felony finding can count towards enhanced liability. Because Family Court jurisdiction ceases for crimes committed once a juvenile is 16, it would undermine the remedial and rehabilitative purposes of the court to require separate dispositions before juvenile recidivists could be charged with a designated felony.
The court finds that the holding in Manuel R. (supra) is inapplicable to this case. Manuel R. had been found to have committed two prior felony acts on two separate occasions. The *115 prior felonies occurred almost three months apart and were not charged or tried jointly. There were two different petitions and two different fact-finding orders. These orders clearly constituted two prior findings. Nicholas G., however, was found after one trial, in one fact-finding order, to have committed two felony counts stemming from a single criminal incident. The court agrees with the Law Guardian that a designated felony may not be charged under these circumstances.
Family Court Act § 342.1 (7) requires a Judge, at the conclusion of a fact-finding hearing, to enter a finding. A single finding may include several counts covering several crimes. (See, Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act §§ 342.2, 345.1.) Family Court Act § 345.1 (1) reads, in part, “If the allegations of a petition or specific counts of a petition concerning the commission of a crime or crimes are established, the court shall enter an appropriate order * * * The order shall specify the count or counts of the petition upon which such order is based”.
Based upon the statutory language, it appears that designated felony jurisdiction does not arise from a single prior fact-finding order which sustains two felony counts. The differences between “findings” and “finding” in the various sections cited reflects a legislative intent that predicate designated felony jurisdiction pursuant to section 301.2 (8) (vi) be reserved for juveniles with a pattern of two or more separate felony delinquency matters.
The forerunner of the current statute was Family Court Act § 712, which was amended in 1978 to broaden the definition of designated felony to include third-time offenders, regardless of age. (L 1978, ch 478, § 2, amending Family Ct Act § 712 [h].) One memorandum in support of the legislation, when it was introduced in 1978, stated that the new legislation was designed to enable the Family Court to deal firmly with juveniles who engage in a pattern of criminal behavior. (Mem of Rules Comm, 1978 NY Legis Ann, at 282-284.)
Nicholas G. has a prior finding of two felony counts of attempted assault based on a single criminal incident, when he threw a rock and a bottle at the complainant. He has one prior finding, and cannot, under current law, be charged with a designated felony. The motion to strike the designated felony designation is granted.