■ In the Matter of LESLIE S., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Queens County (Schindler, J.), dated June 5, 1989, which, upon a fact-finding order of the Family Court, Nassau County (Capilli, J.), entered March 28, 1989, made pursuant to the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted petit larceny, adjudged him to be a juvenile delinquent and put him on probation, and (2) an order of disposition of the Family Court, Queens County (Schindler, J.), dated January 9, 1990, which upon a fact-finding order of the same court, dated November 14, 1989, which after a hearing, found that the appellant had violated the terms of his probation and placed him for a period of 12 months with the New York State Division for Youth. The appeal from the order of disposition dated June 5, 1989, brings up for review the fact-finding order entered March 28, 1989.

Ordered that the appeal from the order of disposition dated January 9, 1990, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of disposition dated June 5, 1989, is affirmed, without costs or disbursements.

Since the appellant did not move to suppress any physical evidence seized by the police at the time of his arrest, his appellate claim that such evidence should have been suppressed has been waived (see, Family Ct Act § 330.2 [7]; cf., Matter of George V., 100 AD2d 594). Contrary to the appellant's request, under the circumstances herein, we decline to hold that the probable cause hearing was, in fact, a suppression hearing (see, Matter of Robert G., 121 Misc 2d 680, 691-692; see also, Matter of Oniel W., 146 AD2d 633, 634; People v Reed, 98 Misc 2d 488, 489-490; People ex rel. Pierce v Thomas, 70 Misc 2d 629). Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.