■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RUSSELL, Appellant. [619 NYS2d 122] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered September 11, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 5:20 P.M. on December 26, 1991, an undercover police detective observed the defendant hand packets of heroin to another individual in exchange for money. The detective was within 5 to 10 feet of the defendant and the buyer, and could plainly see the exchange take place in the well-lighted area. The detective radioed to her back-up team and, within minutes, they arrested the buyer, who possessed

four packets of heroin. Immediately thereafter, the defendant was also arrested, charged, and ultimately convicted of the drug sale.

The defendant's claim that the verdict was against the weight of the evidence because the testimony of the undercover detective, the People's key witness, was incredible, is without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim that the court erred in not delivering a missing witness charge is unpreserved for appellate review, since the defendant never requested such a charge.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.