■ In the Matter of MARCUS M., a Person Alleged to be a Juvenile Delinquent, Appellant. [731 NYS2d 222] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a post-petition order of the Family Court, Queens County (Lubow, J.), dated March 14, 2000, which remanded the appellant to the Commissioner of Juvenile Justice for secure detention pending further proceedings, and (2) an order of the same court, also dated March 14, 2000, which, upon a fact-finding order of the same court dated January 1, 2000, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree, sexual abuse in the second degree, and unlawful imprisonment in the second degree, adjudged the appellant to be a juvenile delinquent, placed him with the Office of Children and Family Services for a period of up to 18 months, and recommended that he be evaluated for sex offender counseling.

Ordered that the appeal from the post-petition order is dismissed, without costs or disbursements, as that order is not appealable as of right, and leave to appeal has not been granted (*see,* Family Ct Act § 351.1 [1]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The evidence was sufficient to prove that the appellant's conduct, which included squeezing the complainant's breasts and rubbing his penis against her vagina through her clothes, was committed with the purpose of achieving sexual gratification (*see,* Penal Law § 130.00 [3]; *People v Teicher,* 52 NY2d 638; *People v Estela,* 136 AD2d 728; *see also, People v Beecher,* 225 AD2d 943). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's deter-

mination was not against the weight of the evidence (*cf.*, CPL 470.15 [5]).

The appellant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.