■ In the Matter of RAHMEL S., a Person Alleged to be a Juvenile Delinquent, Appellant. [770 NYS2d 881]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 22, 2003, which, upon a fact-finding order of the same court dated April 4, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree (four counts), forcible touching

(four counts), and unlawful imprisonment in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated April 4, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the evidence was legally insufficient to establish either that he restrained the complainant or the element of sexual gratification is unpreserved for appellate review as he failed to specifically raise these claims before the Family Court (*cf.* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of Frank C.,* 283 AD2d 643, 643-644 [2001]), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of James B.,* 262 AD2d 480, 481 [1999]). Upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.