In the Matter of TONIQUA A., a Person Alleged to be a Juvenile Delinquent, Appellant. [776 NYS2d 853]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of the Family Court, Westchester County (Klein, J.), dated May 20, 2002, which granted an adjournment in contemplation of dismissal of the underlying juvenile delinquency proceeding, and (2) an order of fact-finding and disposition of the same court dated February 6, 2003, which, upon restoring the matter to the calendar, and after fact-finding and dispositional hearings, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree, adjudged her to be a juvenile delinquent, and placed her on probation for a period of one year.

Ordered that the appeal from the order dated May 20, 2002, is dismissed, without costs or disbursements, as the order is not

appealable as of right (*see* Family Ct Act § 365.1 [1]; *Matter of Edwin L.*, 88 NY2d 593, 600-601 [1996]; *Matter of Jeffrey M.*, 62 AD2d 858, 860 [1978]), and we decline to grant leave to appeal; and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to support the Family Court's finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree (*cf. People v Cintron*, 95 NY2d 329, 332 [2000]; *People v Zorcik*, 67 NY2d 670, 671 [1986]).

The appellant's contention that the Family Court should have drawn an adverse inference with respect to certain witnesses who did not testify at the fact-finding hearing is unpreserved for appellate review (*cf.* CPL 470.05 [2]; *People v Russell*, 209 AD2d 650, 651 [1994]), and in any event, is without merit (*cf. People v Gonzalez*, 68 NY2d 424, 427 [1986]).

The appellant's remaining contentions either are waived (*see* Family Ct Act § 330.2 [7]; *Matter of Leslie S.*, 172 AD2d 754 [1991]), or without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.