■ In the Matter of RAHMEL S., a Person Alleged to be a Juvenile Delinquent, Appellant. [785 NYS2d 503]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated December 11, 2003, which, upon a fact-finding order of the same court dated September 8, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted, inter alia, the crimes of forcible touching (two counts) and sexual abuse in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for 12 months. The appeal brings up for review the fact-finding order dated September 8, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements; and it is further,

Ordered that so much of the fact-finding order as states that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree is vacated.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]), we find that it was legally sufficient to support the determination that the appellant committed acts which, if committed by an adult, would have constituted the crimes of forcible touching (two counts) and sexual abuse in the third degree (see Matter of Marcus M., 287 AD2d 505 [2001]). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Rahmel S., 4 AD3d 365 [2004]; Matter of Darryl T., 305 AD2d 420 [2003]). Upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (cf. CPL 470.15 [5]).

The Family Court incorrectly stated in its fact-finding order

that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree. To the contrary, the record clearly demonstrates that the Family Court found that this charge was not established, and the order of the disposition does not recite this charge. Accordingly, we vacate that portion of the fact-finding order. Ritter, J.P., Goldstein, Smith and Lifson, JJ., concur.