■ In the Matter of ANTHONY R., a Person Alleged to be a Juvenile Delinquent, Appellant. [841 NYS2d 642]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated April 25, 2006, which, upon a fact-finding order of the same court dated March 7, 2006, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree, and sexual abuse in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the evidence was legally insuf-

ficient to establish that the complaining witness was subjected to "forcible compulsion" (Penal Law § 130.00 [8]) and "sexual contact" (Penal Law § 130.00 [3]) is unpreserved for appellate review as the appellant failed to raise these specific claims before the Family Court (*see Matter of Rahmel S.*, 4 AD3d 365, 366 [2004]; *cf.* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to support the court's findings. Moreover, resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Charles S.*, 41 AD3d 484 [2007]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the court's findings were not against the weight of the evidence (*see Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]; *cf. People v Romero*, *supra*).

The appellant's contention that the Family Court should have drawn adverse inferences with respect to certain witnesses who did not testify at the fact-finding hearing is unpreserved for appellate review (*see Matter of Nasheem P.*, 23 AD3d 662, 664 [2005]; *Matter of Toniqua A.*, 7 AD3d 792, 793 [2004]; *cf.* CPL 470.05 [2]) and, in any event, is without merit (*cf. People v Gonzalez*, 68 NY2d 424, 427 [1986]). Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.