■ In the Matter of SHOURIK D., a Person Alleged to be a Juvenile Delinquent, Appellant. [884 NYS2d 875]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated October 17, 2008, which, after a hearing, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudged him a juvenile delinquent, and placed him with the New York State Office of Children and Family Services for placement in a limited-secure facility for a period of 18 months. By decision and order on motion dated October 31, 2008 [2008 NY Slip Op 88158(U)], as amended by decision and order on motion dated November 20, 2008 [2008 NY Slip Op 89855(U)], this Court stayed enforcement of so much of the order as directed the appellant's placement with the New York State Office of Children and Family Services for placement in a limited secure facility and directed that he be released to the care and custody of his father pending determination of this appeal.

Ordered that the order of fact-finding and disposition is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, and substituting therefore a provision finding that he committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the third degree, and (2) by deleting the provision thereof placing the appellant with the Office of Children and Family Services for placement in a limited-secure facility for a period of 18 months; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new disposition.

By petition dated August 27, 2008, the then 12-year-old appellant was charged with having committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (see Penal Law § 130.65 [1]). At the fact-finding hearing, the 17-year-old complainant testified that, after a physical therapy appointment, she encountered the appellant in a stairwell at a HIP Center in Suffolk County. The complainant testified that the appellant pulled down her shorts and grabbed her buttocks, while saying "nice," pursued her and then attempted to touch her again in the "front," whereupon the complainant pushed him away. While there was some evidence of the presence of another male at the premises around that time, the complainant and her mother positively identified the appellant in court.

The Family Court credited the complainant's version of the incident. After fact-finding and dispositional hearings, the Family Court found that the appellant had committed the charged act, adjudicated him a juvenile delinquent, and placed him with the New York State Office of Children and Family Services (hereinafter OCFS) for placement in a limited-secure facility for a period of 18 months, despite a positive psychiatric report recommending education and outpatient treatment, praising his 95 grade-point average in school, and noting his strong family connections. We modify.

The appellant correctly contends on appeal that the evidence was legally insufficient to support the finding that he committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (*see* Penal Law § 130.65 [1]). The presentment agency failed to adduce legally sufficient evidence that the appellant utilized "forcible compulsion" to commit the crime (Penal Law § 130.00 [8]; *see Matter of Hector V.*, 45 AD3d 503 [2007]; *Matter of Michael DD.*, 33 AD3d 1185, 1186 [2006]; *Matter of Dakota EE.*, 209 AD2d 782, 783 [1994]; *People v Wakefield*, 208 AD2d 783 [1994]). The acts proven, however, if committed by an adult, would have constituted the lesser-included offense of sexual abuse in the third degree (*see* Penal Law § 130.55; *Matter of Rahmel S.*, 12 AD3d 681 [2004]; *Matter of Phoenix G.*, 265 AD2d 554, 555 [1999]).

In light of these findings, the matter must be remitted to the Family Court, Suffolk County, for a new dispositional hearing to explore the "least restrictive available alternative" (Family Ct Act § 352.2 [2] [a]), given the psychiatric report's recommendation, the isolated nature of this incident, and the appellant's strong family connections (*see Matter of Brittenie K.*, 50 AD3d 1203, 1205-1206 [2008]; *Matter of Kareem F.*, 17 AD3d 362, 363 [2005]; *Matter of Letisha D.*, 14 AD3d 455 [2005]). Fisher, J.P., Miller, Angiolillo and Balkin, JJ., concur.