■ In the Matter of JONATHAN F., Appellant. [898 NYS2d 516]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated May 6, 2009, which, upon a fact-finding order of the same court dated March 26, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the second degree and sexual abuse in the third degree, adjudged him to be a juvenile delinquent, placed him on probation for a period of 12 months with enhanced supervision probation, and directed, inter alia, that he complete 150 hours of community service. The appeal from the order of disposition brings up for review the fact-finding order dated March 26, 2009.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the evidence was legally insufficient to establish the element of sexual gratification is unpreserved for appellate review, as he failed to specifically raise this claim before the Family Court (*see Matter of John*

*M.P.*, 54 AD3d 1041, 1042 [2008]; *Matter of Charles S.*, 41 AD3d 484, 485 [2007]; *Matter of James G.*, 309 AD2d 935, 936 [2003]; *cf. People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of Daniel R.*, 51 AD3d 933, 934 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]; *Matter of Frank C.*, 283 AD2d 643, 643-644 [2001]), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, in fulling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633 [2006]).

Contrary to the appellant's contention, the element of intent to obtain sexual gratification can be inferred from the totality of the circumstances (*see Matter of Raymond M.*, 13 AD3d 377, 378 [2004]; *Matter of Gregory W.*, 266 AD2d 221 [1999]). The touching of the complainant's breasts while she was being restrained by another was clearly sexual and cannot be characterized as "horseplay" (*Matter of Christopher T.*, 287 AD2d 336, 337 [2001] [internal quotation marks omitted]).

Contrary to the appellant's contention, the Family Court properly chose not to order an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3), but rather, to adjudge the appellant to be a juvenile delinquent (*see* Family Ct Act § 352.1) and place him on probation supervision for a period of 12 months and direct him, inter alia, to complete 150 hours of community service (*see* Family Ct Act § 352.2 [1] [b]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his "first brush with the law" (*Matter of Melissa B.*, 49 AD3d 536, 537 [2008]; *see Matter of Nikita P.*, 3 AD3d 499, 501 [2004]; *Matter of Steven R.*, 230 AD2d 745 [1996]). The disposition was appropriate in light of, among other things, the nature of the incident, the appellant's record of poor school attendance and numerous suspensions, and the recommendation made in the probation report that the appellant would benefit from the enhanced supervision program (*see Matter of Erika R.*, 55 AD3d 740 [2008]; *Matter of Rosario*

*S.*, 18 AD3d 563, 564 [2005]). Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.