■ In the Matter of TRAVIS A., a Person Alleged to be a Juvenile Delinquent, Appellant. [963 NYS2d 599]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of fact-finding and disposition of the Family Court, Suffolk County (Whelan, J.), dated October 9, 2012, which, after a hearing, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services until September 12, 2013.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

To the extent the appellant argues that the evidence was legally insufficient to establish that he committed an act which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree under Penal Law § 130.50 (3), that argument is unpreserved for appellate review (*see Matter of Jonathan F.*, 72 AD3d 963 [2010]; *Matter of John M.P.*, 54 AD3d 1041, 1042 [2008]). In any event, the argument is without merit since, viewing the evidence in the light most favorable to the presentment agency (*see Matter of Jonathan F.*, 72 AD3d at

964; *Matter of Daniel R.*, 51 AD3d 933, 934 [2008]), the evidence was legally sufficient to support the Family Court's fact-finding determination. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, this Court accords great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Macye Mc.*, 82 AD3d 892, 894 [2011]; *Matter of Hasan C.*, 59 AD3d 617 [2009]; *Matter of Daniel R.*, 51 AD3d at 934). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence. Skelos, J.P., Balkin, Cohen and Miller, JJ., concur.