■ In the Matter of STEVEN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [8 NYS3d 71]—

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about January 27, 2014, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of sexual abuse in the first degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress his statements to the police. "The record establishes that appellant was not questioned until after the police gave *Miranda* warnings to both appellant and his mother" (*Matter of Johnny H.*, 111 AD3d 576 [1st Dept 2013]). The evidence established that appellant's waiver of his *Miranda* rights was knowing, intelligent, and voluntary, since, "in the presence of his mother," appellant "clearly and unequivocally stated that he understood each right, and gave no indication to the contrary" (*Matter of Lyndell C.*, 23 AD3d 306 [1st Dept 2005]). Evidence of appellant's difficulties with comprehension in school does not warrant a different conclusion, especially since the interrogating detective had appellant state and write that he understood each warning before proceeding to the next one. Regardless of whether the best practice would have been to read from a juvenile version of the *Miranda* warnings containing supplemental explanations of the standard phrasings, the detective's failure to do so did not render appellant's waiver involuntary under the circumstances. Furthermore, the voluntariness of the statement was not undermined by any coercive interrogation (*see Matter of Jimmy D.*, 15 NY3d 417, 424 [2010]). The detective's interrogation tactics, such as confronting appellant with incriminating evidence and expressing disbelief in appellant's

initial account, were not improper. Appellant's contention that the room in which he was questioned failed to comply with Family Court Act § 305.2 is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing (*see Matter of Trayvon J.*, 103 AD3d 413 [1st Dept 2013], *lv denied* 21 NY3d 862 [2013]).

Probation was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). The 12-month period of supervision was warranted by, among other things, appellant's underlying sexual conduct toward a very young child, his misbehavior in school, his struggles with acceptance of responsibility, and the recommendation of the Probation Department (*see e.g. Matter of Zion F.*, 92 AD3d 589 [1st Dept 2012]). In addition, a six-month adjournment in contemplation of dismissal would not have provided sufficient supervision, because appellant was in need of a therapy program that was scheduled to last for one year (*see Matter of Yonathan A.*, 70 AD3d 602 [1st Dept 2010]). We note that Family Court expressed a willingness to seal or vacate the finding against appellant upon his successful completion of probation, which would foreclose any possibility that appellant might be required to register as a sex offender in another jurisdiction. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.