■ In the Matter of Jalen C., a Person Alleged to be a Juvenile Delinquent, Appellant. [31 NYS3d 204]—

Appeals from (1) an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated June 2, 2015, and (2) an order of protection of that court, also dated June 2, 2015. The order of disposition adjudicated Jalen C. a juvenile delinquent, placed him on probation for a period of 24 months, and directed him to comply with the order of protection. The order of protection directed Jalen C., inter alia, to stay away from the complainant until and including June 2, 2017. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated January 5, 2015, which, after a hearing, found that Jalen C. had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree.

Ordered that the order of disposition and order of protection are affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Damien S.*, 124 AD3d 667 [2015]; *Matter of Anthony R.*, 43 AD3d 939 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt (*see* Family Ct Act § 342.2 [2]), that the appellant committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree against the complainant (*see* Penal Law §§ 130.00 [3], [8] [a]; 130.65 [1]; *Matter of Jonathan F.*, 72 AD3d 963 [2010]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2010]; *Matter of Anthony R.*, 43 AD3d 939 [2007]; *Matter of Najee A.*, 26 AD3d 258 [2006]; *cf. Matter of Shourik D.*, 65 AD3d 1042, 1044 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Shannel P.*, 137 AD3d 1039 [2016]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel J.*, 136 AD3d 915 [2016]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Jonathan F.*, 72 AD3d at 964; *Matter of Anthony R.*, 43 AD3d at 940; *cf. People v Romero*, 7 NY3d 633 [2006]; *Matter of Christian E.*, 68 AD3d 1109 [2009]).

The Family Court providently exercised its discretion in

denying the appellant's application to recall the complainant for the purpose of cross-examining her on her prior allegations of sexual abuse (*see* Family Ct Act § 344.4; *Matter of Jerry J.-B.*, 116 AD3d 1042 [2014]; *Matter of Dakota EE.*, 209 AD2d 782 [1994]).

Accordingly, the Family Court properly issued the subject order of disposition and, therefore, also the order of protection. Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.