■ In the Matter of KIERON C., a Person Alleged to be a Juvenile Delinquent, Appellant. [33 NYS3d 756]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated May 12, 2015. The order adjudicated Kieron C. a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review so much of a fact-finding order of that court dated December 4, 2014, made upon Kieron C.'s admission, as found that he had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree.

Ordered that the appeal from so much of the order of disposition as placed Kieron C. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, which found that he had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree. Thereafter, the Family Court issued an order of disposition which adjudicated the appellant a

juvenile delinquent and placed him on probation for a period of 12 months. The appellant appeals from the order of disposition.

The appeal from so much of the order of disposition as imposed a 12-month period of probation has been rendered academic, as the period of probation has expired (*see Matter of Deandre Mc.*, 124 AD3d 786, 787 [2015]; *Matter of Kobe S.*, 122 AD3d 750, 750-751 [2014]). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic as there may be collateral consequences resulting from the adjudication of delinquency (*see Matter of Nigel H.*, 136 AD3d 1033, 1034 [2016]; *Matter of Tafari M.*, 90 AD3d 1052, 1052 [2011]).

Contrary to the appellant's contentions, the Family Court providently exercised its discretion in denying his request for an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3) and, instead, adjudicating him a juvenile delinquent (*see* Family Ct Act § 352.1). The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding, and its determination is accorded great deference (*see Matter of Brian N.*, 133 AD3d 665, 665 [2015]; *Matter of Mark G.*, 131 AD3d 1057, 1057 [2015]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (*see Matter of Brian N.*, 133 AD3d at 665; *Matter of Deandre Mc.*, 124 AD3d at 787; *Matter of Jesus S.*, 104 AD3d 694, 695 [2013]). The disposition was appropriate in light of, among other factors, the seriousness of the offense, the probation department's recommendation, and evidence indicating the appellant's continuing need for court-supervised therapy and treatment (*see Matter of Mark G.*, 131 AD3d at 1058; *Matter of Steven F.*, 127 AD3d 536, 537 [2015]; *Matter of Tafari M.*, 90 AD3d at 1053; *Matter of Jonathan F.*, 72 AD3d 963, 964 [2010]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.