■ In the Matter of SHEMAR G., Appellant. [59 NYS3d 78]—

Appeal from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated July 22, 2016. The order of disposition, after a hearing, adjudicated Shemar G. a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated March 25, 2016, made upon Shemar G.'s admission, finding that he committed an act which, if committed by an adult, would have constituted the crime of sexual misconduct.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Upon the conclusion of a juvenile's dispositional hearing, the Family Court shall enter an order of disposition imposing "the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]). Alternatively, "at any time prior to the entering of a finding," the court may order "an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice" (Family Ct Act § 315.3 [1]; *see Matter of Nigel H.*, 136 AD3d 1033, 1034 [2016]). "The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation

of dismissal" (*Matter of Nigel H.*, 136 AD3d at 1034 [internal quotation marks omitted]).

Here, the Family Court providently exercised its discretion in rejecting the appellant's application for an adjournment in contemplation of dismissal, and in imposing a period of probation of 12 months (*see Matter of Donovan E.*, 92 AD3d 881, 882 [2012]). The offense in this case was a serious sex offense, committed against a nine-year-old child. The Probation Department recommended a disposition of 12 months of probation, to insure adequate supervision of the appellant during that period. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.