Matter of Shalar N. (2018 NY Slip Op 04546)





Matter of Shalar N.


2018 NY Slip Op 04546


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-12218
2017-09683
 (Docket No. D-25516-15)

[*1]In the Matter of Shalar N. (Anonymous), appellant.


Seymour W. James, Jr., New York, NY (Dawne Mitchell and Marcia Egger of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Aaron M. Bloom of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding, Shalar N. appeals from (1) an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated November 2, 2016, and (2) an order of the same court dated September 1, 2017. The order of disposition adjudicated Shalar N. a juvenile delinquent and placed him on probation for a period of 12 months. The order dated September 1, 2017, denied the motion of Shalar N. to vacate the order of disposition and for an adjournment in contemplation of dismissal nunc pro tunc. The appeal from the order of disposition brings up for review an order of fact-finding of the same court dated June 20, 2016, which, after a hearing, found that Shalar N. committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree and forcible touching.
ORDERED that the appeal from so much of the order of disposition as placed Shalar N. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order dated September 1, 2017, as denied that branch of Shalar N.'s motion which was to vacate so much of the order of disposition as placed him on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated September 1, 2017, is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months, and the appeal from so much of the order dated September 1, 2017, as denied that branch of his motion which was to vacate so much of the order of disposition [*2]as placed him on probation for a period of 12 months, have been rendered academic, as the period of placement has expired. However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and the appeal from so much of the order dated September 1, 2017, as denied that branch of his motion which was to vacate so much of the order of disposition as adjudicated him a juvenile delinquent, have not been rendered academic, as there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Kieron C., 140 AD3d 1160, 1161).
The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding, and its determination is accorded great deference (see id. at 1161; Matter of Brian N., 133 AD3d 665, 665; Matter of Mark G., 131 AD3d 1057, 1057; Matter of Jesus S., 104 AD3d 694, 695). Here, contrary to the appellant's contentions, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation instead of granting him an adjournment in contemplation of dismissal (see Matter of Kieron C., 140 AD3d at 1161; Matter of Deandre Mc., 124 AD3d 786; Matter of Jesus S., 104 AD3d at 695). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (see Matter of Kieron C., 140 AD3d at 1161; Matter of Brian N., 133 AD3d at 665; Matter of Aaron B., 132 AD3d 759, 759; Matter of Tafari M., 90 AD3d 1052, 1053). Moreover, even though an adjournment in contemplation of dismissal was recommended by the probation department (see Matter of Mark G., 131 AD3d at 1058; Matter of Donovan E., 92 AD3d 881, 882; Matter of Melissa B., 49 AD3d 536), the court providently exercised its discretion in determining that the appellant needed probation supervision, in light of the seriousness of the sexual misconduct committed against the complainant, who was eight years old at the time (see Matter of Tafari M., 90 AD3d at 1053; Matter of Jonathan F., 72 AD3d 963, 964), and the appellant's denial of the offending conduct, his failure to accept responsibility for his actions, and his lack of remorse (see Matter of Sheala H., 156 AD3d 882, 883; Matter of Jahiem J., 155 AD3d 1037, 1038).
The Family Court also providently exercised its discretion in denying that branch of the appellant's motion which was to vacate so much of the order of disposition as adjudicated him a juvenile delinquent, and for an adjournment in contemplation of dismissal nunc pro tunc. Pursuant to Family Court Act § 355.1(1)(b), the court may vacate an order of disposition "[u]pon a showing of a substantial change of circumstances." Here, we agree with the court's conclusion that the appellant did not make the requisite showing of a substantial change in circumstances (see Matter of Taye E., 213 AD2d 292; Matter of Todd B., 197 AD2d 922; cf. Matter of Jonathan C., 51 AD3d 559).
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court