Matter of Daniel M. (2019 NY Slip Op 00279)





Matter of Daniel M.


2019 NY Slip Op 00279


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-04737
 (Docket No. D-28466-17)

[*1]In the Matter of Daniel M. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell, Sara H. Reisberg, and Genevieve Cahill of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and MacKenzie Fillow of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Daniel M. appeals from an amended order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated April 13, 2018. The amended order of disposition adjudicated Daniel M. a juvenile delinquent, upon an amended order of fact-finding of the same court dated March 27, 2018, made upon his admission, finding that he had committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the third degree and attempted dissemination of an unlawful surveillance image in the second degree, and placed him on probation for a period of 12 months.
ORDERED that the amended order of disposition is affirmed, without costs or disbursements.
Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation for a period of 12 months instead of granting his request for an adjournment in contemplation of dismissal (see Matter of Shemar G., 152 AD3d 591; Matter of Kieron C., 140 AD3d 1160; Matter of Tafari M., 90 AD3d 1052; Matter of Jonathan F., 72 AD3d 963, 964). The Family Court has broad discretion in fashioning an order of disposition, and its determination is accorded great deference (see Matter of Shemar G., 152 AD3d at 591; Matter of Kieron C., 140 AD3d at 1161; Matter of Mark G., 131 AD3d 1057; Matter of Tafari M., 90 AD3d at 1052). The appellant was not entitled to an adjournment in contemplation of dismissal merely because the instant offenses were his first encounter with the law, or in light of the other mitigating factors that he cites (see Matter of Yaakov K., 162 AD3d 1028; Matter of Kieron C., 140 AD3d at 1161; Matter of Tafari M., 90 AD3d at 1053; Matter of Jonathan F., 72 AD3d at 964). The disposition was appropriate in light of, among other things, the seriousness of the offenses, which were committed against two vulnerable teenage girls, and evidence showing that probation supervision of the appellant's required therapy and treatment was necessary (see Matter of Yaakov K., 162 AD3d at 1028; Matter of Shemar G., 152 AD3d at 592; Matter of Kieron C., 140 AD3d at 1161; Matter of Mark G., 131 AD3d at 1057; Matter of Tafari M., 90 AD3d at 1053; Matter of Jonathan F., 72 AD3d at 964).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court