Matter of Ariel P. (2019 NY Slip Op 02633)





Matter of Ariel P.


2019 NY Slip Op 02633


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8909

[*1]In re Ariel P., A Person Alleged to be a Juvenile Delinquent, Appellant. 
Presentment Agency.


Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about August 31, 2017, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of forcible touching and sexual abuse in the third degree, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs.
Appellant argues that the Family Court should have suppressed both the oral and written statements that he made to a detective. Regardless of whether both statements should have been suppressed, any error was harmless beyond a reasonable doubt because the evidence that appellant committed the charged offenses was overwhelming, and there is no reasonable possibility that the court's finding would have been any different if appellant's "essentially exculpatory" statement, in which he offered an innocent explanation for his presence at the scene, had been suppressed (Matter of Jahmeka W., 130 AD3d 437, 437 [1st Dept 2015], lv denied 26 NY3d 909 [2015]). Although the statement tended to establish the element of identity, that element was established by compelling circumstantial evidence, notwithstanding the absence of an in-court identification by the victim.
As to appellant's arguments regarding the order of disposition, a conditional discharge was the least restrictive alternative consistent with appellant's needs and the community's need for protection. Appellant was in need of treatment for longer than six months, which would have been the maximum period available under an adjournment in contemplation of dismissal (see e.g. Matter of Steven F., 127 AD3d 536, 537 [1st Dept 2015], lv denied 26 NY3d 906 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK