Matter of Josue M. (2019 NY Slip Op 08194)





Matter of Josue M.


2019 NY Slip Op 08194


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-12311
 (Docket No. D-14115-18)

[*1]In the Matter of Josue M. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne Mitchell and Raymond E. Rogers of counsel) for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Julia Bedell of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Josue M. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated September 27, 2018. The order of disposition, upon an order of fact-finding of the same court dated June 14, 2018, made upon his admission, finding that Josue M. committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudicated him a juvenile delinquent, and placed him on probation for a period of 18 months.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree. After a dispositional hearing, the court issued an order of disposition which adjudicated the appellant a juvenile delinquent, and placed him on probation for a period of 18 months.
Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation for a period of 18 months instead of granting his request for an adjournment in contemplation of dismissal (see Matter of Yaakov K., 162 AD3d 1028, 1028; Matter of Shemar G., 152 AD3d 591, 592). The Family Court has broad discretion in determining the disposition in a juvenile delinquency case (see Matter of Yaakov K., 162 AD3d at 1028; Matter of Shemar G., 152 AD3d at 591; Matter of Kieron C., 140 AD3d 1160, 1161) and the appellant was not entitled to an adjournment in contemplation of dismissal merely because the instant offense was his first encounter with the law, or in light of the other mitigating factors that he cites (see Matter of Kieron C., 140 AD3d at 1161; Matter of Tafari M., 90 AD3d 1052, 1053; Matter of Jonathan F., 72 AD3d 963, 964). The disposition was appropriate in light of, among other things, the seriousness of the offense, the recommendation of the Family Court Mental Health Services, and the possibility that a related Family Court Act article 10 proceeding would be dismissed and the appellant would no longer be under the supervision of the Administration for Children's Services (see Matter of Yaakov K., 162 AD3d at 1028; Matter of Shemar G., 152 AD3d at 592; Matter of Kieron C., 140 AD3d 1160; Matter of Mark G., 131 AD3d 1057, 1057-1058; Matter of Tafari M., 90 AD3d 1052; Matter of Jonathan F., 72 AD3d at 964).
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court