Matter of Shamir M. (2025 NY Slip Op 03066)

Matter of Shamir M.

2025 NY Slip Op 03066

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-09313
 (Docket No. D-9419-22)

[*1]In the Matter of Shamir M. (Anonymous), appellant. Amy L. Colvin, Huntington, NY, for appellant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Shamir M. appeals from an order of disposition of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated September 8, 2023. The order of disposition, upon an order of fact-finding of the same court dated April 19, 2023, made after a hearing, finding that Shamir M. committed an act that, if committed by an adult, would have constituted the crime of attempted sexual abuse in the first degree, adjudicated him a juvenile delinquent and conditionally discharged him for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as conditionally discharged Shamir M. for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is modified, on the facts and in the exercise of discretion, by deleting the provision thereof adjudicating Shamir M. a juvenile delinquent, and substituting therefor a provision adjudicating Shamir M. a person in need of supervision; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as conditionally discharged the appellant for a period of 12 months must be dismissed as academic, as the period of conditional discharge has expired (see Matter of Marlon C., 139 AD3d 941, 941). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding determination, has not been rendered academic (see Family Ct Act § 783; Matter of Marlon C., 139 AD3d at 941).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of Dzahiah W., 152 AD3d 612, 613; Matter of Jalen C., 139 AD3d 940, 940), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act that, if committed by an adult, would have constituted the crime of attempted sexual abuse in the first degree (see Penal Law §§ 110.00, 130.65[3]; Matter of Brandon S., 169 AD3d 1047, 1047; Matter of Jonathan F., 72 AD3d 963, 963-964; Matter of Rahmel S., 4 AD3d 365, 366; Matter of Kryzstof [*2]K., 283 AD2d 431, 432). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe demeanor (see Matter of Brandon S., 169 AD3d at 1048; Matter of Malik B., 151 AD3d 842, 843; Matter of Jalen C., 139 AD3d at 940). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
The appellant's contention that the Family Court should have adjudicated him to be a person in need of supervision rather than a juvenile delinquent is unpreserved for appellate review. However, under the particular circumstances of this case, the appellant should be adjudicated a person in need of supervision rather than a juvenile delinquent (see Family Ct Act § 311.4[2]; Matter of Dylan P., 121 AD3d 1118, 1118-1119; Matter of Devon R., 278 AD2d 15; cf. Matter of Michael OO., 53 AD3d 709). We therefore reach this contention as a matter of discretion in the interest of justice and exercise our discretion under Family Court Act § 311.4(2) to modify the order of disposition accordingly.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court