■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMEL WILSON, Appellant. [696 NYS2d 175] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered October 24, 1996, adjudicating him a youthful offender, upon a jury verdict finding him guilty of robbery in the first degree and robbery in the second degree (two counts), and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly denied suppression of the physical evidence and identification testimony. The evidence presented at the suppression hearing demonstrated that the police officer's stop of the defendant was supported by a reasonable suspicion that criminal activity was afoot (see, People v Hicks, 68 NY2d 234, 238; People v Cantor, 36 NY2d 106, 112-113). The frisk of the defendant was justified by the police officer's observation of a bulge in the defendant's waistband having the outline of a gun (see, CPL 140.50 [3]; People v Saunders, 180 AD2d 542). Once the police officer recovered a pellet gun from the defendant, there was probable cause to arrest him (see, People v De Bour, 40 NY2d 210, 223; People v Hollman, 79 NY2d 181, 185; People v Bigelow, 66 NY2d 417, 423).

The defendant's contention that the evidence was legally insufficient to prove his guilt of any of the crimes of which he was convicted is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.