■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARSH, Appellant. [734 NYS2d 635] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered December 21, 1999, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pincus, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in finding that the stop of the taxi in which he was a passenger was reasonable is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Martin,* 50 NY2d 1029). In any event, the hearing court's determination was proper. The taxi was stopped in the course of a police investigation of robberies of taxi drivers that had occurred over several days within a certain area of Brooklyn. After being instructed at a task force meeting from a pattern sheet detailing the robberies, detectives were situated throughout the targeted area. Only taxis fitting into the pattern of the prior robberies were stopped. The taxi in which the defendant was a passenger fit into the pattern, in that it was a yellow taxi with a Pakistani or Indian driver carrying a black male speaking on a cellular telephone. Contrary to the defendant's contention, this stop did not run afoul of the procedures for livery cab stops (*see, Matter of Muhammad F.,* 94 NY2d 136, *cert denied sub nom. Corporation Counsel of City of N. Y. v Muhammad F.,* 531 US 1044).

The hearing testimony further showed that, upon seeing the detectives approach the taxi, the defendant attempted to hide something at his side and to push past a detective, and then

refused to put his hands on the taxi's trunk after several requests. Accordingly, the frisk of the defendant was justified (*see, People v Wilson,* 264 AD2d 862). Once he was found to be carrying a knife that appeared to be stained with dried blood, the police had probable cause to arrest him (*see, People v Wilson, supra*). Therefore, the Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.