■ In the Matter of KOBE S., a Person Alleged to be a Juvenile Delinquent, Appellant. [995 NYS2d 730]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Kobe S. appeals from an order of disposition of the Family Court, Kings County (Olshansky, J.), dated September 16, 2013, which, upon a fact-finding order of the same court dated June 17, 2013, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted grand larceny in the fourth degree, and assault in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated June 17, 2013.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, and substituting therefor a provision adjudicating the appellant a juvenile delinquent based upon a finding that he committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been

rendered academic, as the period of placement has expired (*see Matter of Justin D.*, 114 AD3d 941, 942 [2014]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Justin D.*, 114 AD3d at 942).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Charles S.*, 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to support the finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted grand larceny in the fourth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations as to those branches of the petition were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771 [2009]; *Matter of Victor I.*, 57 AD3d 779 [2008]; *see also Matter of Robert A.*, 57 AD3d 770 [2008]).

As correctly conceded by the presentment agency, and as the Family Court stated when rendering its oral finding of fact, the evidence was legally insufficient to establish that the victim sustained physical injuries which would support a finding that the acts proved would, if committed by an adult, have constituted the offense of assault in the third degree (*see* Penal Law §§ 10.00 [9]; 120.00 [1]; *see also Matter of Philip A.*, 49 NY2d 198, 200 [1980]). However, the acts proved would, if committed by an adult, have constituted the lesser-included offense of attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00 [1]). We therefore modify the order of disposition and fact-finding order accordingly (*see Matter of Shawn D.R.-S.*, 94 AD3d 1541, 1541-1542 [2012]; *Matter of John F.*, 12 AD3d 509, 510 [2004]). Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.