■ In the Matter of DEANDRE MC., a Person Alleged to be a Juvenile Delinquent, Appellant. [2 NYS3d 182]—

Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated November 4, 2013. The order adjudicated Deandre Mc. a juvenile delinquent, placed him on probation for a period of 12 months, and directed him to pay the sum of $356 in restitution. The appeal brings up for review a fact-finding order of that court dated September 9, 2013, which, after a hearing, found that Deandre Mc. had committed acts which, if committed by an adult, would have constituted the crimes of petit larceny and criminal possession of stolen property in the fifth degree.

Ordered that the appeal from so much of the order of disposition as placed Deandre Mc. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, as the period of placement has expired (*see Matter of Kobe S.*, 122 AD3d 750 [2014]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Kobe S.*, 122 AD3d 750 [2014]).

The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, " 'viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt' " (*Matter of Christopher H.*, 123 AD3d 713, 714 [2d Dept 2014], quoting *Matter of Danielle B.*, 94 AD3d 757, 758 [2012]). Applying this principle, we find that the evidence adduced at the fact-finding hearing was legally sufficient to support the determinations made.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Christopher H.*, 123 AD3d 713 [2d Dept 2014]; *Matter of Dashawn R.*, 120 AD3d 1250, 1251 [2014]), we nevertheless accord great deference to the opportunity of the fact-finder to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Christopher H.*, 123 AD3d 713 [2d Dept 2014]; *Matter of Dajahn M.*, 110 AD3d 812, 813 [2013]). The Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record (*see Matter of Christopher H.*, 123 AD3d 713 [2014]; *Matter of Dashawn R.*, 120 AD3d at 1251). Upon reviewing the record, we are satisfied that the determinations of the Family Court were not against the weight of the evidence.

The Family Court did not improvidently exercise its discretion in adjudicating the appellant a juvenile delinquent (*see* Family Ct Act § 352.1), rather than directing an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3). The appellant was not entitled to an adjournment in contemplation of

dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (*see Matter of Janmalone R.*, 112 AD3d 833, 835 [2013]; *Matter of Racheal M.*, 108 AD3d 770 [2013]).

Contrary to the appellant's argument, the Family Court did not err in directing that he pay the sum of $356 in restitution (*see* Family Ct Act § 353.6 [1]).

The appellant's remaining contention is without merit. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.