■ In the Matter of Isaiah D., a Person Alleged to be a Juvenile Delinquent, Appellant. [7 NYS3d 578]—Appeal from an order of disposition of the Family Court, Kings County (Michael Ambrosio, J.), dated December 7, 2012. The order of disposition adjudicated Isaiah D. a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review an order of fact-finding of the Family Court, Westchester County (Janet C. Malone, J.), dated August 7, 2012, which, after a hearing, found that Isaiah D. committed

acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, petit larceny, forcible touching, and sexual abuse in the third degree.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months has been rendered academic, as the period of placement has expired (*see Matter of Kobe S.*, 122 AD3d 750, 750-751 [2014]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, which brings up for review the order of fact-finding, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Kobe S.*, 122 AD3d at 751).

"[T]he decision to grant a recess and to allow a conference between a lawyer and a testifying witness falls within the broad discretion allowed a trial court in its management of a trial" (*People v Branch*, 83 NY2d 663, 667 [1994]). Contrary to the appellant's contention, the fact-finding court providently exercised its discretion in granting the presentment agency's application for a mid-testimony conference with a testifying witness (*see People v Williams*, 56 AD3d 700 [2008]; *People v Davis*, 1 AD3d 607, 608 [2003]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree (Penal Law § 140.25 [2]), petit larceny under an accessorial liability theory (Penal Law §§ 20.00, 155.25), forcible touching (Penal Law § 130.52), and sexual abuse in the third degree (Penal Law § 130.55). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]), we nevertheless accord deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing

the record here, we are satisfied that the Family Court's fact-finding determination with respect to the sustained charges of the petition was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.