■ In the Matter of JAIME E.S., a Person Alleged to be a Juvenile Delinquent, Appellant. [24 NYS3d 116]—

Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated November 10, 2014. The order, after a probable cause hearing, committed Jaime E.S. to the custody of the Commissioner of the Office of Mental Health for an initial period not to exceed one year.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* Family Ct Act § 1112); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

In a juvenile delinquency proceeding, if the Family Court is of the opinion that the juvenile respondent may be an incapacitated person, it must order a hearing to determine whether the juvenile respondent is, in fact, an incapacitated person (*see* Family Ct Act §§ 322.1 [1]; 322.2 [1]). If the court determines that the juvenile respondent is an incapacitated person, then it is required to hold a hearing pursuant to Family Court Act § 325.2 to determine whether "there is probable cause to believe that the respondent committed a crime" (Family Ct Act § 322.2 [3]). At the probable cause hearing, the juvenile respondent is permitted to testify on his or her own behalf, and to call witnesses and produce other evidence (*see* Family Ct Act § 325.2 [1] [b], [c]). Only nonhearsay evidence is admissible to demonstrate probable cause (*see* Family Ct Act § 325.2 [3]). If the court finds that there is probable cause to believe that the juvenile respondent committed a felony, "it shall order the respondent committed to the custody of the commissioner of mental health or the commissioner of mental retardation and developmental disabilities for an initial period not to exceed one year from the date of such order" (Family Ct Act § 322.2 [5] [a]).

Here, after the appellant allegedly ignited a pair of sweat pants in the closet of his father's house, causing the house to catch on fire, a juvenile delinquency petition was filed against him, alleging, inter alia, that he had committed an act which, if committed by an adult, would constitute the crime of arson in the fourth degree. The Family Court subsequently determined, pursuant to Family Court Act § 322.2, that the appellant lacked capacity to proceed to a fact-finding hearing, and the matter was set down for a probable cause hearing (*see* Family Ct Act § 322.2 [3]). After finding probable cause to believe that the appellant committed an act which, if committed by an adult, would constitute the crime of arson in the fourth degree, the Family Court issued an order dated November 10, 2014, committing the appellant to the custody of the Commissioner of the Office of Mental Health for a period not to exceed one year. That order is the subject of this appeal. Although the order expired by its own terms, we review it under the exception to the mootness doctrine (*see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 811 [2003]; *Matter of Anonymous [South Beach Psychiatric Ctr.]*, 114 AD3d 675, 675 [2014]).

Contrary to the appellant's contention, the Family Court did not violate his due process rights by ordering his commitment based on a probable cause finding that depended, in part, on a

written statement he made to law enforcement officials. The court's finding that the appellant lacked the capacity to proceed to a fact-finding hearing did not equate to a finding that the appellant could not comprehend the *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) that were administered by a police officer before the appellant made his statement. To be competent to proceed to a fact-finding hearing, a juvenile respondent must have the capacity to understand the proceedings and to assist in his or her own defense (*see* Family Ct Act § 301.2 [13]). In contrast, "[a]n individual may validly waive *Miranda* rights so long as the immediate import of those warnings is comprehended, regardless of his or her ignorance of the mechanics by which the fruits of that waiver may be used later in the criminal process" (*People v Williams*, 62 NY2d 285, 289 [1984]). Thus, the court's incapacity finding did not undermine the reliability of the appellant's statement with respect to whether there was probable cause to believe that the appellant committed an offense. Further, the statement was, prima facie, competent for that purpose, even if it might later be rendered inadmissible by extrinsic proof (*see People v Oakley*, 28 NY2d 309, 311 [1971]; *People v Mauceri*, 74 AD2d 833 [1980]).

In any event, there was sufficient evidence, aside from the written statement, to support the Family Court's probable cause determination, including the appellant's spontaneous statements to law enforcement officials (*see People v Dunn*, 195 AD2d 240, 244 [1994], *affd* 85 NY2d 956 [1995]), and a sworn statement by the appellant's father.

The parties' remaining contentions are without merit. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.