■ In the Matter of ELIJAH G., a Person Alleged to be a Juvenile Delinquent, Appellant. [29 NYS3d 504]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated November 12, 2014. The order of disposition adjudicated Elijah G. a juvenile delinquent, upon an order of fact-finding of that court dated August 19, 2014, made upon his admission, finding that he had committed acts which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, and placed him on probation for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed Elijah G. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, which found that he had committed acts which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. Thereafter, the Family Court issued an order of disposition which adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months. The appellant appeals from the order of disposition.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Deandre Mc.,* 124 AD3d 786, 787 [2015]; *Matter of Kobe S.,* 122 AD3d 750, 750-751 [2014]). However, because

there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (*see* Family Ct Act § 783; *Matter of Deandre Mc.*, 124 AD3d at 787; *Matter of Kobe S.*, 122 AD3d at 751).

The Family Court did not improvidently exercise its discretion in adjudicating the appellant a juvenile delinquent (*see* Family Ct Act § 352.1), rather than directing an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (*see Matter of Deandre Mc.*, 124 AD3d at 787; *Matter of Janmalone R.*, 112 AD3d 833, 835 [2013]). The record establishes that the imposition of probation was the least restrictive alternative consistent with the appellant's best interests and the need for protection of the community (*see* Family Ct Act § 352.2 [2] [a]), particularly in light of, among other factors, the seriousness of the offense, the appellant's poor record of attendance and disciplinary issues at school, and his need for increased supervision (*see Matter of Tyriwali B.*, 106 AD3d 1082, 1083 [2013]; *Matter of Jesus S.*, 104 AD3d 694, 695 [2013]; *Matter of Melissa B.*, 49 AD3d 536, 537 [2008]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Family Court, Kings County, dated November 12, 2014. By decision and order on motion of this Court dated November 12, 2015, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is denied. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.