■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO DEJESUS, Appellant. [30 NYS3d 879]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered February 19, 2013, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that there was reasonable suspicion to stop and frisk the defendant, who had exited a vehicle that fit the description heard over a police radio transmission of a vehicle involved in an armed robbery earlier in the evening. Moreover, the defendant, who exited the vehicle on his own volition just prior to when the police reached the vehicle, matched the description of one of the perpetrators of the robbery, and the police observed a bulge in the defendant's waist area. Under these circumstances, the police were justified in stopping and frisking the defendant (*see People v Morales*, 58 AD3d 873, 874 [2009]; *People v Gray*, 35 AD3d 629 [2006]; *People v Wilson*, 264 AD2d 862, 862 [1999]; *People v Ellison*, 222 AD2d 693, 694 [1995]). Further, the police had probable cause to arrest the defendant once the frisk revealed that he was carrying a knife and a pellet gun (*see People v Wilson*, 264 AD2d at 862).

Additionally, the defendant knowingly and voluntarily waived his *Miranda* rights prior to making his statements (*see Miranda v Arizona*, 384 US 436 [1966]). While the defendant had been in custody for several hours prior to the time he made his statements, the defendant was not subject to unrelenting questioning or pressure during that time (*see People v Tarsia*, 50 NY2d 1, 12 [1980]).

Further, the hearing court properly declined to suppress lineup identification evidence. "While lineup participants should share the same general physical characteristics, there is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance" (*People v Marshall*, 51 AD3d 821, 821 [2008]). Here, the lineup was not unduly suggestive, and the photographs entered into evidence at the suppression hearing demonstrate that the fillers sufficiently resembled the defendant and that the hats worn obscured the participants' hairstyles (*see id.*; *People v Solis*, 43 AD3d 1190 [2007]; *People v Villacreses*, 12 AD3d 624, 625 [2004]). Rivera, J.P., Austin, Roman and Cohen, JJ., concur.