■ In the Matter of NORELL A.-T., a Person Alleged to be a Juvenile Delinquent, Appellant. [35 NYS3d 469]—

Appeal from an order of disposition of the Family Court, Queens County (John M. Hunt, J.), dated June 30, 2015. The order of disposition adjudicated the appellant a juvenile delinquent, upon an order of fact-finding of that court dated March 16, 2015, made upon his admission, finding that he committed acts which, if committed by an adult, would have constituted the crime of conspiracy in the second degree, and placed him under the care and custody of the New York State Office of Children and Family Services for a period of 18 months, with a credit of only three months for time served in detention.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant challenges the propriety of the Family Court's

determination to place him with the Office of Children and Family Services (hereinafter OCFS) for a period of 18 months. The Family Court has broad discretion in determining the appropriate disposition in a juvenile delinquency case (*see* Family Ct Act § 141; *Matter of Shaundale W.*, 82 AD3d 1254, 1255 [2011]; *Matter of Aaron P.*, 72 AD3d 826, 827 [2010]). Here, the Family Court providently exercised its discretion in placing the appellant in the custody of OCFS for a period of 18 months. The disposition was the least restrictive alternative consistent with the needs and best interests of the appellant and the need for protection of the community in light of, inter alia, the seriousness of the underlying acts, the appellant's conduct while detained, the recommendation by the Department of Probation, the mental health evaluation, and the appellant's poor school attendance record (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Tyrone M.*, 138 AD3d 1119, 1121-1122 [2016]; *Matter of Leighton F.*, 108 AD3d 669 [2013]).

In addition, the Family Court properly determined that giving the appellant credit for the entire time that he spent in detention pending disposition would not serve his needs and best interests or the need for the protection of the community (*see* Family Ct Act § 353.3 [5]; *Matter of Anthony C.*, 111 AD3d 621 [2013]; *Matter of Kenyetta F.*, 49 AD3d 540, 541 [2008]). Under the circumstances of this case, the court properly determined that the appellant should receive a credit of only three months for the time that he served in detention prior to disposition.

The appellant's remaining contentions are without merit. Hall, J.P., Austin, Miller and Maltese, JJ., concur.