■ In the Matter of JAYSON P., a Person Alleged to be a Juvenile Delinquent, Appellant. [42 NYS3d 313]—Appeal from an order of disposition of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated May 28, 2015. The order of disposition adjudicated Jayson P. a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated May 15, 2015, which, after a hearing, found that Jayson P. committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of

Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Kieron C.*, 140 AD3d 1160, 1161 [2016]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, which brings up for review the order of fact-finding, has not been rendered academic (*see Matter of Kobe S.*, 122 AD3d 750, 751 [2014]).

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Chakelton M.*, 111 AD3d 732, 733 [2013]; *Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Myron J.*, 123 AD3d 1030, 1031 [2014]; *Matter of Christopher H.*, 123 AD3d 713 [2014]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.

The appellant's remaining contention is without merit. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.