■ In the Matter of Tanaja F., a Person Alleged to be a Juvenile Delinquent, Appellant. [47 NYS3d 120]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated February 1, 2016. The order adjudicated Tanaja F. a juvenile delinquent, and placed her on probation for a period of 12 months. The appeal brings up for review so much of a fact-finding order of that court dated October 5, 2015, made upon Tanaja F.'s admission, as found that she had committed acts which, if committed by an adult, would have constituted the crime of endangering the welfare of a child (three counts).

Ordered that the appeal from so much of the order of disposition as placed Tanaja F. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, which found that she had committed acts which, if committed by an adult, would have constituted the crime of endangering the welfare of a child (three counts). Thereafter, the court issued an order of disposition which adjudicated the appellant a juvenile delinquent and placed her on probation for a period of 12 months. The appellant appeals from the order of disposition.

The appeal from so much of the order of disposition as imposed a 12-month period of probation has been rendered academic, as the period of probation has expired (see Matter of Deandre Mc., 124 AD3d 786, 787 [2015]; Matter of Kobe S., 122 AD3d 750, 750-751 [2014]). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic as there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Nigel H., 136 AD3d 1033, 1034 [2016]; Matter of Tafari M., 90 AD3d 1052, 1052 [2011]).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in denying her request for an adjournment in contemplation of dismissal. The appellant

was not entitled to an adjournment in contemplation of dismissal merely because this was her first encounter with the law (*see Matter of Kieron C.*, 140 AD3d 1160, 1161 [2016]). The disposition was the least restrictive alternative consistent with the needs and best interests of the appellant and the need for protection of the community in light of, inter alia, the recommendation in the probation report, the seriousness of the underlying acts, and the appellant's poor school record and disciplinary issues at school (*see Matter of Elijah G.*, 138 AD3d 839, 840 [2016]; *Matter of Aaron B.*, 132 AD3d 759 [2015]). Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.