■ In the Matter of MELODY J.M.M., Appellant. CRAIG M., Respondent. BERTHA H. et al., Nonparty Respondents. [47 NYS3d 402]—Appeal by the subject child, by permission, from an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated October 29, 2015. The order awarded the petitioner visitation with the child. By decision and order on motion dated December 3, 2015, this Court stayed enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements.

Custody of the subject child was granted to the maternal grandmother in 2010. In 2015, the grandmother died, and the child's godparents filed a petition seeking guardianship of the child. Thereafter, the child's maternal uncle also filed a petition seeking guardianship of the child. The Family Court awarded temporary guardianship to the godparents, and, in an order dated October 29, 2015, the court awarded the uncle visitation with the child. That order provided that it would remain in effect until May 24, 2016. The child appeals. We reverse.

Although the order appealed from expired by its own terms during the pendency of this appeal, we nevertheless find that the issue of whether the uncle was entitled to visitation with the child is likely to recur in the future, and accordingly, we review the order under the exception to the mootness doctrine (*see Matter of Jaime E.S.*, 134 AD3d 1126, 1127 [2015]; *see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 811 [2003]; *Matter of Anonymous [South Beach Psychiatric Ctr.]*, 114 AD3d 675, 675 [2014]).

The Family Court's award of visitation to the child's uncle was erroneous inasmuch as the uncle lacked standing to seek visitation (*see* Family Ct Act §§ 651 [b]; 1081; Domestic Relations Law §§ 71, 72; *see also Matter of Erica S. [Nancy R.E.—Michael A.S.]*, 135 AD3d 864, 865 [2016]; *Matter of Katrina E.*, 223 AD2d 363 [1996]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.