In the Matter of Madeline D., a Person Alleged to be a Juvenile Delinquent, Appellant. [55 NYS3d 250]—

Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated December 7, 2015. The order adjudicated Madeline D. a juvenile delinquent and placed her in the custody of the New York City Administration for Children's Services for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated October 2, 2015, which, after a hearing, found that Madeline D. committed acts which, if committed by an adult, would have constituted the crimes of unauthorized use of a vehicle in the third degree and false personation.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York City Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York City Administration for Children's Services (hereinafter ACS) for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Jayson P.*, 144 AD3d 1161, 1161-1162 [2016]; *Matter of Kieron C.*, 140 AD3d 1160, 1161 [2016]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, which brings up for review the order of fact-finding, has not been rendered academic (*see Matter of Jayson P.*, 144 AD3d at 1162; *Matter of Kobe S.*, 122 AD3d 750, 751 [2014]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Stanley F.*, 76 AD3d 1067 [2010]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see id.*). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Stanley F.*, 76 AD3d 1067 [2010]; *cf. People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.