■ In the Matter of DAMELL C., Appellant. [59 NYS3d 103]— Appeal from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated June 8, 2016. The order of disposition adjudicated Damell C. a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the appeal from so much of the order of dispo-

sition as placed Damell C. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, as the period of placement has expired (*see Matter of Deandre Mc.*, 124 AD3d 786, 787 [2015]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (*see* Family Ct Act § 783; *Matter of Deandre Mc.*, 124 AD3d at 787).

The appellant failed to preserve for appellate review his present challenges to the legal sufficiency of the evidence regarding the identification of him as the perpetrator and of the evidence of physical injury within the meaning of Penal Law § 10.00 (9) (*see Matter of Jonathan A.*, 36 AD3d 697, 698 [2007]). In any event, viewing the evidence in the light most favorable to the presentment agency, we find that the evidence was legally sufficient to establish that the appellant was the perpetrator and that the complainant's injuries rose to the level of physical injury as defined by Penal Law § 10.00 (9) (*see Matter of Danielle B.*, 94 AD3d 757, 758 [2012]). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's findings that the appellant committed acts which, if committed by an adult, would constitute assault in the second degree in violation of Penal Law § 120.05 (2) and (12), and criminal possession in the fourth degree in violation of Penal Law § 265.01 (2), were not against the weight of the evidence (*see id.*).

The appellant's remaining contention is without merit. Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.