■ In the Matter of ANTHONY W., a Person Alleged to be a Juvenile Delinquent, Appellant. [59 NYS3d 101]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated July 20, 2016. The order of disposition adjudicated the appellant a juvenile delinquent, upon an order of fact-finding of that court dated February 22, 2016, made upon his admission, finding that he

committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, and placed him on enhanced supervision probation for a period of 13 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in placing the appellant on probation under the enhanced supervision program for a period of 13 months, based upon his admission that he committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree. The court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding, and its determination is accorded great deference (*see Matter of Norell A.-T.*, 141 AD3d 712, 713 [2016]; *Matter of Kieron C.*, 140 AD3d 1160, 1161 [2016]). " '[T]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention' " (*Matter of Sharice B.*, 149 AD3d 833, 833 [2017], quoting *Matter of Tristan W.*, 258 AD2d 585, 586 [1999]; *see Matter of Leah G.*, 23 AD3d 658, 658 [2005]). The disposition was the least restrictive alternative consistent with the needs and best interests of the appellant and the need for protection of the community in light of, inter alia, the recommendation in the probation report, the appellant's mother's professed inability to adequately supervise him on her own, the appellant's academic problems, and the evidence demonstrating that he continued to smoke marijuana and stole from his mother after the order of fact-finding was issued (*see Matter of Tanaja F.*, 147 AD3d 936, 937 [2017]; *Matter of Elijah G.*, 138 AD3d 839 [2016]; *Matter of Shaundale W.*, 82 AD3d 1254, 1255 [2011]; *Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]; *Matter of Antonio C.*, 294 AD2d 123, 124 [2002]). Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.