■ In the Matter of Lavon S., Appellant. [61 NYS3d 37]—

Appeals from two orders of disposition of the Family Court, Kings County (Alan Beckoff, J.), both dated September 25, 2015. The order under docket No. E-15511-15 adjudicated Lavon S. a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of three years, minus the period spent in detention pending disposition, and directed that he be confined in a secure facility for a minimum period of 12 months. The order under docket No. D-15717-15 adjudicated Lavon S. a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of one year, minus the period spent in detention pending disposition, and authorized the New York State Office of Children and Family Services to place the appellant in a limited secure facility. The placements under both orders were to run concurrently. The appeals bring up for review a fact-finding order of that court dated August 6, 2015, which, after a hearing, found that Lavon S. committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, burglary in the second degree, and attempted assault in the second degree, and denied those branches of the appellant's omnibus motion which were to suppress physical evidence, oral and written statements to law enforcement officials, and identification testimony.

Ordered that the appeal from the order of disposition under docket No. D-15717-15 is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition under docket No. E-15511-15 is affirmed, without costs or disbursements.

The appellant and another individual allegedly were involved

in a shooting in an apartment building. They were stopped by the police near the scene of the incident shortly after it occurred. A police officer recovered a loaded firearm from the appellant's waistband. At a showup identification conducted shortly thereafter, the complainant identified the appellant and the other individual as the perpetrators, and they were arrested.

The Family Court properly denied that branch of the appellant's omnibus motion which was to suppress the physical evidence recovered by the police. The police officers had a founded suspicion that criminality was afoot, and it was proper for them to conduct an inquiry (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *Matter of Kareem J.*, 111 AD3d 637 [2013]). In light of the bulge in the appellant's waistband observed by one of the officers when he stopped the appellant, the officer's experience, and other attendant circumstances, the evidence was sufficient to establish that the officer had reasonable suspicion to stop and frisk the appellant (*see People v Goldson*, 136 AD3d 1053 [2016]; *People v Wilson*, 264 AD2d 862 [1999]). Once the officer recovered the gun from the appellant, there was probable cause to arrest him (*see People v Wilson*, 264 AD2d 862 [1999]).

The Family Court properly denied that branch of the appellant's omnibus motion which was to suppress the appellant's oral and written statements to the police. A child under the age of 16 does not have the absolute right to the presence of a parent during interrogation. Family Court Act § 305.2 expressly contemplates the possibility that the police may be unable to contact the parent of a child in custody, despite every reasonable effort (*see* Family Ct Act § 305.2 [4]). Whether a statement was voluntary is a mixed question of law and fact, to be determined from the totality of circumstances (*see Matter of Jimmy D.*, 15 NY3d 417, 422-423 [2010]). Here, the requirements of Family Court Act § 305.2 were satisfied. The police made reasonable efforts to contact the appellant's parent or another relative. The appellant's grandmother, the person with whom he resided (*see* Family Ct Act § 305.2 [3]), was present when the appellant gave his oral and written statements to the police. Under the totality of the circumstances, the appellant's statements were voluntary.

As the agency did not offer identification testimony at the fact-finding hearing from the witness who made a showup identification, the appellant's contention that the Family Court erred in denying that branch of his omnibus motion which was to suppress this identification testimony is academic (*see People*

*v Jones*, 131 AD3d 1179, 1180 [2015]; *People v Harris*, 68 AD3d 783 [2009]; *cf. People v Keener*, 138 AD3d 1162, 1163 [2016]). Further, the appellant's argument that the showup procedure violated Family Court Act § 305.2 is unpreserved for appellate review and, in any event, without merit.

The appellant's contention that the evidence was legally insufficient to support the Family Court's findings of fact is without merit. The evidence at the fact-finding hearing was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, criminal possession of a weapon in the second degree, and attempted assault in the second degree (*see Matter of Brittenie K.*, 50 AD3d 1203 [2008]). Contrary to the appellant's contention, the agency was not required to prove that the building was a dwelling in order to make a finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of burglary in the second degree pursuant to Penal Law § 140.25 (1) (c). That provision required the agency to prove only that the appellant knowingly entered or remained unlawfully in a building with intent to commit a crime therein, and in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime used or threatened the immediate use of a dangerous instrument.

The appellant's contention that the disposition under docket No. E-15511-15 was excessive is without merit. Because the appellant committed a designated felony act, the guidelines for restrictive placement set forth in Family Court Act § 353.5 applied, as opposed to the least restrictive available alternative standard (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Joseph B.*, 110 AD3d 501 [2013]). Pursuant to Family Court Act § 353.5 (1), where a juvenile is found to have committed a designated felony act, the order of disposition must include a finding, based on a preponderance of the evidence, as to whether the juvenile does or does not require a restrictive placement. Pursuant to Family Court Act § 353.5 (2), in making this determination, the court must consider the needs and best interests of the juvenile; his or her record and background, including but not limited to information disclosed in the probation investigation and diagnostic assessment; the nature and circumstances of the offense, including whether any injury was inflicted by the juvenile or another participant; the need for protection of the community; and the age and physical condition of the victim. The Family Court properly considered all of these factors in reaching its determination that a restrictive placement in a

secure facility was required. The court had considerable discretion to determine whether such a placement was necessary (*see Matter of Manuel R.*, 89 NY2d 1043 [1997]). The court providently exercised its discretion in placing the appellant with the New York State Office of Children and Family Services for an initial period of three years, and placing him in a secure facility for a minimum period of 12 months (*see* Family Ct Act § 353.5 [5] [a] [i], [ii]).

The appeal from the order of disposition under docket No. D-15717-15, which challenges the disposition but not the appellant's adjudication as a juvenile delinquent, has been rendered academic, as the period of placement has expired (*see Matter of Madeline D.*, 149 AD3d 932 [2017]; *Matter of Jayson P.*, 144 AD3d 1161 [2016]; *Matter of Elijah G.*, 138 AD3d 839 [2016]). Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.