Separate appeals by the mother and the father from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), entered June 9, 2016. The order, after fact-finding and dispositional hearings, found that the parents permanently neglected the subject child, terminated the parents’ parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner Little Flower Children and Family Services of New York for the purpose of adoption.
 

 Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
 

 In this proceeding pursuant to article 6 of the Family Court Act and Social Services Law § 384-b to terminate the parents’ parental rights to the subject child, the child was placed in foster care when the child tested positive for cocaine at birth. After fact-finding and dispositional hearings, the Family Court found that the parents permanently neglected the child, terminated the parents’ parental rights, and transferred custody of the child to the petitioner Little Flower Children and Family Services of New York (hereinafter the petitioner) and the Commissioner of Social Services of the City of New York for the purpose of adoption. The parents separately appeal.
 

 The Family Court properly determined that the petitioner established by clear and convincing evidence that, despite the petitioner’s diligent efforts to encourage and strengthen the parent-child relationship, both parents had permanently neglected the child by, among other things, failing to plan for the future of the child for a period of at least one year following the child’s placement into foster care (see Matter of Selena R.M. [Theresa M.K.], 147 AD3d 953, 954 [2017]; Matter of Breanna M.G. [Rebecca H.], 114 AD3d 678, 679 [2014]; Matter of Amonte M, [Mary M.], 112 AD3d 937, 938 [2013]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702, 703 [2011]). The court also properly determined that it would be in the child’s best interests to terminate both parents’ parental rights and free the child for adoption (see Matter of Tanay R.S. [Tanya M.], 147 AD3d 858, 860 [2017]; Matter of Malachi P. [Georgette P], 142 AD3d 883, 884 [2016]; Matter of Walter D.H. [Zaire L.], 91 AD3d 950, 951 [2012]).
 

 The father’s remaining contention is unpreserved for appellate review.
 

 Rivera, J.R, Chambers, Duffy and Iannacci, JJ., concur.