Appeal by the defendant from a judgment of the Supreme Court, Queens County (Módica, J.), rendered October 16, 2015, convicting him of burglary in the first degree, criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant’s omnibus motion which was to suppress identification evidence.
 

 Ordered that the judgment is affirmed.
 

 The Supreme Court properly denied suppression of lineup identification evidence. The defendant’s contention that the lineup was unduly suggestive because the defendant was the only individual with braided hair is without merit (see People v Perkins, 28 NY3d 432, 435 [2016]; People v Mason, 123 AD2d 720 [1986]). The evidence presented at the suppression hearing established that the participants in the lineup were reasonably similar in appearance to the defendant, and the police took reasonable steps to conceal the defendant’s braids by requiring that the lineup participants, including the defendant, wear hats to cover their hair (see People v DeJesus, 140 AD3d 788, 789 [2016]; People v Brown, 47 AD3d 826, 826-827 [2008]). Furthermore, the defendant was not denied the effective assistance of counsel by counsel’s failure to move to reopen the suppression hearing with respect to the lineup identification. “Counsel will not be deemed ineffective for failing to pursue an argument that has ‘little or no chance of success’ ” (People v Flowers, 28 NY3d 536, 541 [2016], quoting People v Caban, 5 NY3d 143, 152 [2005]).
 

 The defendant also contends that the Supreme Court erred in denying suppression of the in-court identification testimony of a second witness who identified him from a video surveillance recording. Given the testimony of a police officer regarding the witness’s previous knowledge of the defendant through school and their friendship, that witness’s identification of the defendant was merely confirmatory, as she had sufficient familiarity with the defendant (see Matter of Bruce C., 224 AD2d 685, 686 [1996]; People v Anaya, 206 AD2d 380 [1994]). Thus, the notice requirement of CPL 710.30 was not applicable (see People v Rodriguez, 79 NY2d 445 [1992]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.