Appeal from an order of disposition of the Family Court, Queens County (Stephen J. Bogacz, J.), dated November 2, 2016. The order of disposition adjudicated Jahiem J. a juvenile delinquent, upon an order of fact-finding of that court dated September 7, 2016, made upon his admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of forcible touching, and placed him on probation for a period of 12 months.
 

 Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,
 

 Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant’s admission, which found that he had committed an act which, if committed by an adult, would have constituted the crime of forcible touching. After a dispositional hearing, the court issued an order of disposition which adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months.
 

 Despite the fact that the term of the appellant’s probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal from the portion of the order of disposition that adjudged the appellant to be a juvenile delinquent has not been rendered academic (see Matter of Tanaja F., 147 AD3d 936, 936 [2017]; Matter of Isaiah C., 118 AD3d 780 [2014]; Matter of Ashanti D., 100 AD3d 886 [2012]).
 

 Contrary to the appellant’s contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent instead of granting his request for an adjournment in contemplation of dismissal. The imposition of probation was the least restrictive alternative consistent with the needs and best interests of the appellant and the need for protection of the community. The disposition was appropriate in light of, inter alia, the recommendation in the probation report, the appellant’s minimization of and failure to accept responsibility for his conduct, and his need for increased supervision (see Matter of Anthony W., 152 AD3d 708, 709 [2017]; Matter of Tanaja F., 147 AD3d at 936-937; Matter of Elijah G., 138 AD3d 839, 840 [2016]; cf. Matter of Jonathan M., 107 AD3d 805, 807 [2013]).
 

 Leventhal, J.P., Austin, Maltese and Iannacci, JJ., concur.