Matter of Majesty S. (2018 NY Slip Op 08310)





Matter of Majesty S.


2018 NY Slip Op 08310


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-04353
 (Docket No. D-25388-16)

[*1]In the Matter of Majesty S. (Anonymous), appellant.


The Legal Aid Society, New York, NY (Dawne Mitchell and Susan Clement of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Daniel Matza-Brown of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Majesty S. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated April 11, 2017. The order of disposition adjudicated Majesty S. a juvenile delinquent, upon an order of fact-finding of the same court dated January 9, 2017, and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as placed Majesty S. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree. After a dispositional hearing, the court issued an order of disposition which adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months upon certain terms and conditions.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of probation has expired (see Matter of Dzahiah W., 152 AD3d 612, 613; Matter of Tanaja F., 147 AD3d 936, 936). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic as there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Dzahiah W., 152 AD3d at 613; Matter of Kieron C., 140 AD3d 1160, 1161).
Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation instead of directing an adjournment in contemplation of dismissal (see Family Ct Act §§ 315.3, 352.1, 352.2; [*2]Matter of Sheala H., 156 AD3d 882, 883; Matter of Tyriwali B., 106 AD3d 1082, 1082-1083; Matter of Natasha G., 91 AD3d 948, 949). The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding (see Family Ct Act § 141; Matter of Yaakov K., 162 AD3d 1028, 1028; Matter of Tafari M., 90 AD3d 1052, 1053; Matter of Cooper C., 81 AD3d 643, 644; Matter of Gustav D., 79 AD3d 868, 869), and its determination is accorded great deference (see Matter of Shalar N., 162 AD3d 882, 883; Matter of Tyriwali B., 106 AD3d at 1082). Here, the appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (see Matter of Ashanti D., 100 AD3d 886; Matter of Natasha G., 91 AD3d at 949; Matter of Tafari M., 90 AD3d at 1053). The record establishes that the imposition of probation was the least restrictive alternative consistent with the appellant's best interests and the need for protection of the community (see Family Ct Act § 352.2[2][a]), particularly in light of the seriousness of the offense, the appellant's outstanding behavioral issues at school, his struggle with accepting responsibility for his conduct, his need for increased supervision, and the recommendation made in the probation report (see Matter of Sheala H., 156 AD3d at 883; Matter of Jahiem J., 155 AD3d 1037, 1038; Matter of Tyriwali B., 106 AD3d at 1083; Matter of Tafari M., 90 AD3d at 1053; Matter of Gustav D., 79 AD3d at 869).
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court