Matter of Jaden P. (2022 NY Slip Op 03728)

Matter of Jaden P.

2022 NY Slip Op 03728

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2021-03859
 (Docket No. D-3881-20)

[*1]In the Matter of Jaden P. (Anonymous), appellant.

Amy L. Colvin, Huntington, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Samantha A. Goetz of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jaden P. appeals from an order of disposition of the Family Court, Nassau County (Conrad D. Singer, J.), dated May 6, 2021. The order of disposition, upon an order of fact-finding of the same court dated October 15, 2020, made upon the admission of Jaden P., finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, adjudicated him a juvenile delinquent and placed him under the care and custody of the New York State Office of Children and Family Services for placement in a nonsecure, nonprivate facility for a period of 10 months.
ORDERED that the appeal from so much of the order of disposition as placed Jaden P. under the care and custody of the New York State Office of Children and Family Services for a period of 10 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the appellant under the care and custody of the New York State Office of Children and Family Services for a period of 10 months has been rendered academic, as the period of placement has expired (see Matter of Jurell F., 195 AD3d 825, 825; Matter of Isaiah D., 127 AD3d 1184, 1185).
The appellant contends that the Family Court should have ordered an evaluation pursuant to Family Court Act § 322.1 to determine whether he was incapacitated at the time that he agreed to waive the fact-finding hearing. That argument was not preserved for appellate review, as it was not raised by the appellant at any point in the Family Court (see People v Galea, 167 AD3d 652, 652; People v Washington, 134 AD3d 963, 963). In any event, the appellant's contention is without merit.
Section 322.1(1) of the Family Court Act requires the court, in a juvenile delinquency proceeding, to order that a juvenile respondent be examined "when [the court] is of the opinion that the respondent may be an incapacitated person" (see Matter of Jaime E.S., 134 AD3d 1126, 1127). [*2]A juvenile respondent is incapacitated when he or she, "as a result of mental illness, or intellectual or developmental disability . . . , lacks capacity to understand the proceedings against him or her or to assist in his or her own defense" (Family Ct Act § 301.2[13]). An examination order serves to adjourn the delinquency proceeding until examination reports are filed with the court (see id. § 322.1[2]). Upon receipt of those reports, the court is required to conduct a hearing to determine whether the juvenile respondent is an incapacitated person (see id. § 322.2[1]). If the court finds that the juvenile is not an incapacitated person, then the juvenile delinquency proceeding continues (see id. § 322.2[2]). If the court finds that the juvenile respondent is an incapacitated person, then it is required to hold a hearing pursuant to Family Court Act § 325.2, to determine whether "there is probable cause to believe that the respondent committed a crime" (id. § 322.2[3]; Matter of Jaime E.S., 134 AD3d at 1127).
Contrary to the appellant's contention, the Family Court was not required, under the circumstances of this case, to order an examination of the appellant or to hold a hearing to determine his capacity, as there is not sufficient evidence on the record to suggest that the court should have questioned the appellant's capacity. While the report of a psychologist and the report of a psychiatrist noted that the appellant may have had a developmental disability and difficulty with judgment, insight, and impulse control, the reports also noted that he had a grossly intact memory and was oriented, friendly, and of average intelligence. On several occasions, the child appeared in court, spoke clearly and concisely, and cogently defended himself under questioning from the judge.
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court